# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Action No. 5:04-cr-17(HL) |
| | : | |
| **JIMMY HARPER and,** | : | |
| **SHANNON HARPER,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter is before the Court on Defendants' Motion to Serve Sentences Consecutively (Doc. 27), supported by the Government's Motion Requesting Sentences Imposed be Served Consecutively (Doc. 38), and Defendants' Motion to Amend Sentence and Maintain Jurisdiction (Doc. 33). A hearing on the Motions was held August 27, 2008. After consideration, the Court directs as follows.

### Background

Defendants, Shannon and Jimmy Harper, who are husband and wife, entered pleas of guilty to a two-count information alleging conspiracy to commit wire fraud and forfeiture. The Harpers entered their pleas in 2004 but sentencing was stayed to allow them to testify in a related case, in order to gain the benefit of a reduction in sentence for substantial assistance. The Harpers testified at a trial held in April of 2008, and appeared before the Court for sentencing on August 7, 2008. At the

sentencing hearing, the Court orally pronounced sentence, directing that each Defendant serve a term of imprisonment of 14 months. A separate order of voluntary surrender was entered the same day as to each Defendant.

At the sentencing hearing Defendants asked that they be allowed to serve their sentences consecutively, to avoid the hardships to their families and business that concurrent sentences would bring. The Court did not rule on the request for consecutive sentences at that time and, instead, directed Defendants to file a motion addressed to the issue. The Motion to Serve Sentences Consecutively was filed on August 8, 2008. A written Judgment as to each Defendant was entered on August 13, 2008. Each Judgment was amended on August 22, 2008, to reflect the forfeiture agreement entered into between the Government and Defendants.[1] The Judgments, as amended, do not speak to the question of consecutive sentences, directing only that each Defendant "shall surrender for service of sentence at the institution designated by the Bureau of Prisons . . . as notified by the Probation or Pretrial Office." (Judgment at 2.) No order was entered on the Motion to Serve Sentences Consecutively before the written Judgments were entered on the docket. Thereafter, on August 20, 2008, Defendants filed the Motion to Amend Sentence and Maintain Jurisdiction also at issue here.

---

[1] The Judgments were amended pursuant to Federal Rule of Criminal Procedure 36, in order to correct clerical errors.

## Discussion

In their Motion to Amend Sentence and Maintain Jurisdiction, Defendants state that "[u]nder the law the Court maintains jurisdiction for ten (10) days to modify the sentence." (Mot. Am. at 1.) Defendants offer no authority for this proposition. As a general rule a court "may not correct or modify a prison sentence once it has been imposed." United States v. Pena, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). A court has no inherent authority to reconsider sentencing orders. *See* United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002). Unless expressly provided by statute or by Rule 35 of the Federal Rules of Criminal Procedure, a court loses its jurisdiction to modify a sentence, once the judgment has been entered. Pena, 319 F.3d at 511-12. Neither Rule 35 nor any statutory authority confers jurisdiction to amend the Judgments in this case.

Defendants contend that their Motion to Amend Sentence and Maintain Jurisdiction, having been filed within 10 days of the date of entry of the written Judgment, allows the Court to retain jurisdiction to modify the sentence imposed. This is not correct. Although not expressly provided for in the Federal Rules of Criminal Procedure, the federal courts have authorized the filing of motions for reconsideration. *See, e.g.,* United States v. Vicaria, 963 F.2d 1412, 1414 (11th Cir. 1992). In a criminal case, to be timely, a motion for reconsideration must be filed by the defendant within ten days of the entry of either the judgment or the order being appealed. Id. Courts have thus described timely filed motions for reconsideration

as "reinvesting" the district court with jurisdiction to rule on sentencing issues. *See* United States v. Greenwood, 974 F.2d 1449, 1467 (5th Cir. 1992) (applying the reinvestiture theory).

Despite recognition by the courts of an inherent right to reconsideration, the idea of a 10-day window within which the district court may reconsider its sentencing determinations cannot be squared with the general rule that a court may not modify or correct a sentence once it has been imposed. As the United States Court of Appeals for the Ninth Circuit has explained, district courts generally have inherent authority to decide motions for reconsideration or rehearing of orders in criminal proceedings, but they may not exercise that authority in the face of an express prohibition of reconsideration of a particular issue. United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). In the sentencing context, 18 U.S.C. § 3582(c) expressly prohibits a court from modifying a term of imprisonment once it has been imposed, unless certain express exceptions apply. None of those exceptions apply here.[2] Thus, in the face of an express statutory prohibition on amendments to judgments, and in the absence of an express statutory basis for changing the sentence, this Court has no authority to amend Defendants' sentences, even pursuant to a motion made within the 10-day window for reconsideration.

---

[2] The exceptions recognized in § 3582(c) are motions made by the Bureau of Prisons to reduce the term of imprisonment; modifications made pursuant to Rule 35; and reductions in sentence resulting from changes in the sentencing guidelines. 18 U.S.C. §§ 3582(c)(1) and (2).

Therefore, to the extent that the Court is required to amend the sentence to provide the relief sought, the Motion to Amend Sentence and Maintain Jurisdiction is hereby denied. However, the Court is of the opinion that it has the authority to grant the relief requested without having to amend the Judgment. The relief sought by Defendants–to serve their sentences consecutively–does not require the Court to alter the sentence already imposed. It appears to the Court that the relief sought, and which the Court finds to be appropriate, can be provided by extending the time for one Defendant to voluntary surrender to the Bureau of Prisons to a period beyond the term of confinement of the other Defendant. The Court has already authorized voluntary surrender by Defendants. Thus, the only alteration which must be made is to stagger the times within which the Defendants will be required to surrender. Therefore, while the Motion to Amend Sentence and Maintain Jurisdiction must be denied, the Motions of the Government and Defendants to Serve Sentences Consecutively are granted. Accordingly, the Court hereby directs that the date of voluntary surrender for Defendant Jimmy Harper be extended to December 1, 2009. The Clerk is directed to serve a copy of this Order on the United States Probation Office.

So ordered, this the 8th day of September, 2008.

*s/ Hugh Lawson*
Hugh Lawson, Judge

mls